# EXHIBIT A

COMPLAINT
August 25, 2023

# EXHIBIT A

**Electronically Filed**
**8/25/2023 8:57 PM**
**Steven D. Grierson**
**CLERK OF THE COURT**

Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

CASE NO: A-23-876676-C
Department 8

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| CHRISTOPHER SMITH, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON: |
| vs. | 1. RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT AND NRS 613.330(1)(a) |
| STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLE OFFICE; JULIE BUTLER, DIRECTOR OF THE NEVADA DMV; and DOES 1 through 10, | 2. AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND NRS 613.330(1)(a) |
| Defendants. | JURY TRIAL DEMANDED |
| | *EXEMPT FROM ARBITRATION- ACTION SEEKING EQUITABLE OR EXTRAORDINARY RELIEF* |

Plaintiff CHRISTOPHER SMITH ("Plaintiff" or "Smith") alleges as follows:

1. This action is brought pursuant Title VII of the Civil Rights Act of 1964, *42 USC §2000e*, et seq. (hereinafter "Title VII") and the Age Discrimination in Employment Act of 1967, as amended, *29 USC §621, et seq.* (hereinafter "ADEA") and NRS 613.330(1)(a).

2. At all relevant times, the STATE OF NEVADA, DEPARTMENT OF MOTOR

1

VEHICLE OFFICE ("Defendant DMV" or "DMV") employed twenty (20) or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year, and are therefore subject to the provisions of Title VII and the ADEA.

## PARTIES

3. Plaintiff, Smith, is a citizen of the United States and at all relevant times was a resident of the State of Nevada, County of Clark and City of Henderson.

4. Defendant DMV, is a public entity and a Department of the State of Nevada, who Plaintiff was employed by at all relevant times giving rise to the claims asserted herein.

5. Defendant JULIE BUTLER, DIRECTOR OF THE NEVADA DMV ("Defendant Butler" or "Director Butler") is being sued in her official capacity as Director of the DMV.

6. On information and belief, Defendant Butler is a citizen of the United States and a resident of the State of Nevada.

7. Doe Defendants 1 through 10, are unknown at the present time and thus sued by Plaintiff in such fictitious names. Plaintiff alleges however that said Defendants are in some manner responsible for the damages sustained by Plaintiff and that said Defendants will be named with peculiarity once their identities are known.  At such time, Plaintiff will seek leave of court to state more fully herein the names and acts of said Defendants.

8. Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Defendant DMV.

9. Defendant DMV is an employer within the meaning of *42 USC §2000e(b) and 29 USC §§623 and 630(b)*.

## EXHAUSTION OF REMEDIES

10. Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission (hereinafter "EEOC") and Nevada Equal Rights Commission (hereinafter "NERC") against Defendant DMV, et al. and he has received a Notice of Right to Sue

2

from the EEOC on this charge dated June 1, 2023. A copy of this Notice is attached to the Complaint as Exhibit "A".

## GENERAL ALLEGATIONS

11. Smith was hired by DMV as a Compliance Enforcement Investigator II at the Flamingo office on November 20, 2017. Smith was promoted to Senior Compliance Enforcement Investigator on June 14, 2021.

12. In March 2022 the Compliance Enforcement Division ("CED") posted a divisional promotional job announcement for Supervisory Compliance/Enforcement Investigator.

13. The position became opened by the retirement of CED Sergeant Brian Lacy in December of 2021. At the time of his retirement, Sergeant Lacy was the only African American supervisor within the CED of the DMV.

14. Smith applied for the position of Supervisory Compliance/Enforcement Investigator along with Michael Ferriolo ("Ferriolo"). Ferriolo, a Caucasian and substantially younger than Plaintiff, was at the time a CED Compliance Enforcement Investigator II.

15. After interviewing both Smith and Ferriolo, the all Caucasian panel consisting of CED Administrator Joseph Decker and CED Deputy Administrator Amy Levine (who interviewed the candidates in person from Las Vegas) and CED Sergeant Gordon Rodgers (who participated in the interviews remotely from Reno), unanimously selected Ferriolo for the Supervisory Compliance/Enforcement Investigator position.

16. This was despite the fact that Smith had superior experience and qualifications to Ferriolo which is shown by among other things, the fact that he had been chosen over Ferriolo approximately ten month prior when they both sought a promotion to the Senior Compliance Enforcement Investigator position.

17. In addition Smith had more experience in the CED of the DMV than Ferriolo and was a decorated Law Enforcement Officer which included receiving an Officer of the Year award for major criminal investigations and various commendation including an FBI

3

commendation and a Police Medal of Valor, in addition to having a Bachelor's Degree in Criminal Justice Administration and a Master's Degree in Management.

18. Thus any supervisory experience that Smith lacked over Ferriolo was far outweighed by Plaintiff's other qualifications and experience.

19. Further Ferriolo's case work was not superior to Smith's as Plaintiff closed all the cases he was assigned and was recognized both orally and in writing by other DMV programs and law enforcement agencies for his case work and the handling of the cases assigned to him by the DMV Director.

20. Smith believes the only difference between the panel that chose Smith over Ferriolo for the Senior Compliance Enforcement Investigator in June of 2021 and the panel that chose Ferriolo over Smith for the Supervisory Compliance/Enforcement Investigator in April of 2022, was that Sergeant Lacy, an African American, was on the panel instead of Sergeant Rodgers.

21. Finally on April 13, 2022 when Smith was asked why he was not chosen for the position despite being more qualified that Ferriolo, he was told the CED was going in a different direction and that is why they chose Ferriolo.

22. Plaintiff took that to mean that the CED was moving away from having a diverse leadership team supervising the CED.

## FIRST CAUSE OF ACTION

**(For Race Discrimination in Violation of Title VII and NRS 613.330(1)(a))**

**(Against Defendants DMV and Director Butler)**

23. Plaintiff Smith incorporates the allegation set forth in paragraphs 1 through 22, inclusive, as if fully set forth herein.

24. This cause of action is brought pursuant to Title VII and NRS 613.330(1)(a) to obtain relief for Plaintiff for failing to promote him, or otherwise discriminating against him in the terms, conditions or privileges of his employment because of his race (African American) in

4

violation of Title VII and NRS 613.330(1)(a).

25. As set forth herein above, Ferriolo, a Caucasian, was promoted in April 2022 to Supervisory Compliance/Enforcement Investigator over Smith even though Plaintiff had superior experience and qualifications to Ferriolo and in fact was promoted to Senior Compliance Enforcement Investigator over Ferriolo approximately ten month earlier in June of 2021, thus supporting an inference of race discrimination on behalf of Defendants.

26. As a direct, foreseeable, and legal result of this discrimination because of his race, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

27. As a further direct, foreseeable, and legal result of this discrimination because of his race, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which he seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

28. In acting as they did, Defendants knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

29. Further Smith is entitled to injunctive relief in the form of promoting Plaintiff to the position of Supervisory Compliance Enforcement Investigator, a position he was not promoted to because of his race.

30. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

31. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to

proof at trial.

## SECOND CAUSE OF ACTION

### (For Age Discrimination and in Age Discrimination

### In Employment Act of 1967 and NRS 613.330(1)(a))

### (Against Defendants DMV and Director Butler)

32. Plaintiff Smith incorporates the allegation set forth in paragraphs 1 through 31, inclusive, as if fully set forth herein.

33. This cause of action is brought pursuant to ADEA to obtain relief for Plaintiff for failing to promote him, or otherwise discriminating against him in the terms, conditions or privileges of his employment because of his age in violation of the ADEA and NRS 613.330(1)(a).

34. At the time Ferriolo was promoted to Supervisory Compliance/Enforcement Investigator in April 2022 Smith was 56 years of age and substantially older than Ferriolo.

35. Further as set forth above, Plaintiff had superior experience and qualifications to Ferriolo and in fact was promoted to Senior Compliance Enforcement Investigator over Ferriolo approximately ten month earlier in June of 2021, thus supporting an inference of age discrimination on behalf of Defendants.

36. As a direct, foreseeable, and legal result of Defendants' age discrimination, Plaintiff has suffered, overall economic losses in earnings, pension, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

37. The age discrimination by Defendants was willful and thus Plaintiff should be awarded liquidated damages pursuant *29 USC §626(b).*

38. Further Smith is entitled to injunctive relief in the form of promoting Plaintiff to the position of Supervisory Compliance Enforcement Investigator, a position he was not promoted to because of his age.

39. Plaintiff claims the damages alleged herein, together with prejudgment interest as

provided by law, in a sum according to proof at trial.

40. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claim and Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Smith demands judgment against Defendants DMV and Butler as follows:

1. Declaring that the acts and practices complained of here are a violation of Title VII, ADEA and NRS 613.330(1)(a);

2. Enjoining and permanently restraining the violations by Defendants of Title VII, ADEA and NRS 613.330(1)(a);

3. For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

4. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

5. For punitive damages;

6. For liquidated damages pursuant *29 USC §626(b)*;

7. For equitable relief in the form of promoting Plaintiff to the position of Supervisory Compliance Enforcement Investigator, a position he was not promoted because of his race and/or age.

8. For attorney's fees and costs in an amount determined by the court to be reasonable;

9. For pre-judgment interest on all damages; and

10. For any other and further relief that the court considers proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Nevada Rules of Civil Procedure, Plaintiff demands a trial

1 | by jury in this action.

2 | DATED: 8/25/2023    LAW OFFICES OF MICHAEL P. BALABAN

4 | BY: /s/ Michael P. Balaban
    Michael P. Balaban
    LAW OFFICES OF MICHAEL P. BALABAN
    10726 Del Rudini Street
    Las Vegas, NV 89141

# EXHIBIT "A"

# NOTICE OF RIGHT TO SUE

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Las Vegas Local Office
333 Las Vegas Blvd South, Suite 5560
Las Vegas, NV 89101
(702) 553-4470
Website:  www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 06/01/2023

**To:** Mr. Christopher Smith
2812 Via Florentine St
Henderson, NV 89074

Charge No: 487-2022-01197

EEOC Representative and email:    SAUL VAZQUEZ
Investigator
Saul.Vazquez@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 487-2022-01197.

On behalf of the Commission,

Digitally Signed By: Christine Park-Gonzalez
06/01/2023

Christine Park-Gonzalez
District Director