UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER SMITH,<br><br>                              Plaintiff(s),<br><br>  v.<br><br>STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLE OFFICE, et al.,<br><br>                              Defendant(s). | Case No.2:23-CV-1559 JCM (BNW)<br><br>ORDER |

      Presently before the court is defendant State of Nevada, Department of Motor Vehicle Office ("DMV") and defendant Julie Butler's motion to dismiss.  (ECF No. 10).  Plaintiff Christopher Smith ("Smith") filed a response (ECF No. 18), to which the defendants replied (ECF No. 22).  For the reasons stated below, the court GRANTS the defendants' motion to dismiss.

**I.      Background**

      This is an employment dispute case originally filed in state court.  (ECF No. 1).  The defendants removed the case to federal court, citing federal question jurisdiction.  Smith claims race and age discrimination under both state and federal law.  (ECF No. 101).  The following allegations derive from the complaint.

      Smith, a fifty-six-year-old African American man working for the DMV, claims that he was passed over for a promotion to a supervisory position due to his race and age.  (ECF No. 1-1, at 4, 7).  The promotion was given, instead, to Michael Ferriolo ("Ferriolo"), a Caucasian man "substantially younger" than Smith.  (*Id.* at 4).  Smith was previously promoted over Ferriolo for a senior-level position.  (*Id.*).  For the senior-level position, the hiring panel consisted of two Caucasians and one African American, but when Smith was later denied the supervisory position,

the panel consisted of three Caucasians.

Smith contends that he has "superior experience and qualifications to Ferriolo." (*Id.*). Smith was told that Ferriolo was chosen because the division was "going in a different direction." (*Id.* at 5). Smith's complaint implies that the difference in the panels' racial composition, his superior qualifications, and the division's dearth of explanation for its decision is evidence that he was denied the supervisory position due to his race and age. (*Id.*).

Smith filed his complaint on September 29, 2023, asserting claims for (1) race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and Nevada Revised Statute Section 613.330(1)(a); and (2) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and NRS 613.330(1)(a). (ECF No. 1-1). The defendants now move to dismiss the entirety of Smith's complaint.

**II.     Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a

plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.* District courts apply federal pleading standards to state law claims in federal court. *See Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (applying federal pleading standards to action removed from state court).

The court, on a motion to dismiss, is limited to the allegations contained in the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

**III.   Discussion**

The defendants argue that Smith did not properly name the DMV, properly serve defendant Butler, exhaust his administrative remedies, or state claims upon which relief may be granted. (*See generally* ECF No. 10). The defendants also argue that this court lacks subject matter jurisdiction because sovereign immunity bars all of Smith's claims. The court addresses each argument in turn but first resolves the issue of sovereign immunity as it implicates the court's authority to adjudicate this case.

A. Sovereign Immunity

The defendants ask that the court dismiss this entire action because the complaint does not use the words "on relation of" when naming the DMV. (ECF No. 10, at 4). The defendants cite Nevada Revised Statute 41.031(2), which provides that in any action "against the State of Nevada, the action must be brought in the name of the State of Nevada *on relation of* the particular department, commission, board or other agency of the State whose actions are the basis for suit." Nev. Rev. Stat. § 41.031 (2023) (emphasis added). They argue that because the complaint names "State of Nevada, Department of Motor Vehicle Office" without using the words "on relation of," Smith did not comply with NRS 41.031. It appears that the defendants are arguing that the entire action should be dismissed based on Smith's failure to properly invoke Nevada's waiver of sovereign immunity under NRS 41.031. But this argument fails because, regardless of NRS 41.031, the DMV waived its immunity from *all* claims by removing this case to federal court.

The issue of sovereign immunity implicates this court's subject matter jurisdiction to adjudicate this case. *See Pistor v. Garcia*, 791 F.3d 1104, 1110 (9th Cir. 2015). NRS 41.031[1] is Nevada's statute generally waiving sovereign immunity for *state tort* actions in *state court*. *See Craig v. Donnelly*, 439 P.3d 413, 415 (Nev. 2019). "The Eleventh Amendment grants a State immunity from suit in *federal* court by citizens of other states . . . and by its own citizens as well[.]" *Walden v. Nevada*, 945 F.3d 1088, 1092 (9th Cir. 2019) (emphasis added) (*citing Hans v. Louisiana*, 134 U.S. 1 (1890)). "States can waive their Eleventh Amendment sovereign immunity from suit in state and federal court." *Id.* (*citing Lapides v. Bd. of Regents of Univ. Sys. Of Ga.*, 535 U.S. 613, 618–21 (2002)).

NRS 41.031(3) specifies that "Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States." Nev. Rev. Stat. § 41.031(3) (2023). In other words, while NRS 41.031 waives sovereign immunity for state tort claims brought in state court, it does not necessarily waive its immunity from suit for federal claims brought in federal court or state claims brought in federal court. However, in addition to waiving immunity by

---

[1] Section 41.031 is under the "Waiver of Sovereign Immunity" heading of Chapter 41 of the Nevad Revised Statutes.

- 4 -

statute, waiver can also be by "conduct that is incompatible with an intent to preserve that immunity." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).

The defendants cite NRS 41.031 for their proposition that the entire action should be dismissed but their brief is bereft of legal analysis and does not properly address or acknowledge whether the State of Nevada waived sovereign immunity by its conduct. (*See generally* ECF No. 10). They also fail to address the legal difference between Smith's federal versus state claims.

Regarding the federal claims, the Supreme Court has held that Eleventh Amendment immunity does not apply to claims against states brought under Title VII. *Sosa v. Hiraoka*, 920 F.2d 1451, 1461 (9th Cir. 1990) (*citing Fitzpatrick v. Bitzer*, 427 U.S. 445, 449–450 (1976) (explaining that *Fitzpatrick* precludes a state "from immunizing itself, its subdivisions, or its officials against Title VII suits by virtue of the Eleventh Amendment"). Thus, even if Smith had failed to properly invoke Nevada's waiver of sovereign immunity under NRS 41.031, his race discrimination claim under Title VII would not be barred.

As for Smith's ADEA claim, the Supreme Court has held that Congress did not abrogate states' Eleventh Amendment immunity for claims arising thereunder. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91 (2000) ("We hold only that, in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals."). Accordingly, unlike claims arising under Title VII, states are generally immune from suit for claims under the ADEA. But that is not the end of the court's inquiry.

By removing this case to federal court and thereby invoking federal jurisdiction, the defendants waived the State of Nevada's Eleventh Amendment immunity. *Walden*, 945 F.3d at 1093) (*citing Lapides*, 535 U.S. at 618–21). In *Walden*, the Ninth Circuit explained that a state may waive its Eleventh Amendment immunity "by conduct that is incompatible with an intent to preserve that immunity." *Id.* at 1095. Following the reasoning in *Lapides*, the Circuit Court explained that it would "seem anomalous or inconsistent for a State to both (1) invoke federal jurisdiction, thereby contending that the 'Judicial power of the United States' extends to the case at hand, and (2) to claim Eleventh Amendment immunity, thereby denying that the 'Judicial Power of the United States' extends to the case at hand." *Id.* (*citing Lapides*, 535 U.S. at 619). Therefore,

a "general principle requiring waiver" must be applied to "prevent states from achieving unfair tactical advantages." *Id.* (cleaned up).

The Circuit Court then held that when a state that has (1) statutorily waived immunity from state claims in state court (2) removes the action to federal court, it waives immunity from those state claims *and all* federal claims, including federal claims arising under a federal law that Congress has not applied to the States "through unequivocal and valid abrogation of their Eleventh Amendment immunity." *Id.* at 1093–96.  The defendants therefore waived the State of Nevada's Eleventh Amendment immunity from ADEA claims by removing this case to federal court.[2]

Turning to Smith's state claims, the circuit court explained that "[r]emoval itself affirmatively invokes federal judicial authority and therefore waives . . . immunity from subsequent exercise of that judicial authority" over *all* claims in the complaint.  *Embury v. King*, 361 F.3d 562, 566 (9th Cir. 2004).  The court accordingly finds that the defendants waived, by their conduct, sovereign immunity as to Smith's state claims as well, regardless of whether Smith used the words "on relation of" when naming the DMV.

Though the defendants waived sovereign immunity by removing the case to federal court, the court will nevertheless address their "on relation of" argument under NRS 41.031.  They argue that—to invoke waiver of sovereign immunity under NRS 41.031—Smith is required to use the exact words "on relation of" when naming the Nevada DMV.  But they do not provide competent authority to support this contention.  Sovereign immunity is an affirmative defense that must be raised by the defendant.  *Walden*, 945 F.3d at 1095.  Defendants bear the burden of persuasion as to affirmative defenses.  *See, e.g.*, *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 57 (2005).  The only authority that the defendants cite to support their position is an inapplicable case[3] regarding judicial review of administrative decisions.  (ECF No. 10, at 4–5).  They have not met their burden.

Moreover, Nevada trial courts that have had occasion to interpret the statute have not read it to require the exact words "on relation of" when the plaintiff names as a defendant a state agency

---

[2] The *Walden* court holds that it extends the "removal means waiver" rule to those circumstances cited in Footnote 20 of the *Embury v. King* case, which specifically references the ADEA.  *Walden*, 945 F.3d at 1094; *Embury*, 361 F.3d at 566 n.20.

[3] *Washoe Cnty. v. Otto*, 282 P.3d 719, 725 (2012).

or department. *See McGuire v. State*, 2019 Nev. Dist. LEXIS 655 (Nev. Dist. Ct. June 17, 2019); *Kille v. Jenkins*, 2014 Nev. Dist. LEXIS 67 (Nev. Dist. Ct. March 11, 2014). The courts instead found that they lacked jurisdiction in these cases because the plaintiffs *completely* failed to name a state agency or department, bringing suit against the "State of Nevada" generally.

This court is therefore persuaded that the text of NRS 41.031(2) should not be read to require the exact words "on relation of," but rather that the plaintiff must not merely name the State of Nevada generally—he must specify the "particular department, commission, board or other agency" of the State of Nevada. Nev. Rev. Stat. § 41.031(2) (2023). In this case, Smith named "State of Nevada, Department of Motor Vehicle Office." The court finds this sufficient to satisfy the requirements set forth in NRS 41.031(2). The court therefore has subject matter jurisdiction over this case.

B.    Service of Process

The defendants argue that this court does not have personal jurisdiction over them because neither was properly served with process. (ECF No. 10, at 6). When a case is removed from state court to federal court, state law governs the question of whether service of process was sufficient prior to removal. Fed. R. Civ. P. 81(c)(1) (federal civil procedure rules "apply to a civil action *after* it is removed from a state court" (emphasis added)); *Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir. 1993) ("The issues of the sufficiency of service of process prior to removal is strictly a state law issue . . . ."). Because plaintiff attempted to effect service before this case was removed to federal court, the *sufficiency* of service is analyzed under Nevada law,[4] but federal procedural law still provides the standards regarding dismissal. *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963) ("The federal court takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court.").

Service of process is a procedural requirement that must be met before this court may exercise personal jurisdiction over a defendant. *SEC v. Ross*, 504 F.3d 1130, 1140 (9th Cir. 2007) ("in order for the court to assert personal jurisdiction over a party-in-interest, the party must be

---

[4] Based on the proofs of service filed on this court's docket, service was attempted on the defendants on August 30, 2023. (ECF Nos. 15, 17). The case was removed to federal court on September 29, 2023. (ECF No. 1).

- 7 -

properly served"); *see also* Fed. R. Civ. P 4(k).  Once service is challenged, the plaintiff "bears the burden of establishing that service was valid."  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  District courts have broad discretion to either dismiss an action entirely for failure to effectuate service or to quash the defective service and permit re-service.  *See S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

Under Nevada law, "[i]n an action against the State of Nevada, the summons and a copy of the complaint must be served upon: (a) [t]he Attorney General, or a person designated by the Attorney General, at the Office of the Attorney General in Carson City, *and* (b) [t]he person serving in the office of administrative head of the named agency."  Nev. Rev. Stat. § 41.031(2) (2023); Nev. R. Civ. P. 4.2(d) (emphasis added).  To serve an officer or employee of the State of Nevada in his or her official capacity, service must be made upon "(a) the Attorney General, or a person designated by the Attorney General to receive service of process, at the Office of the Attorney General in Carson City; and (b) the current or former public officer or employee, or agent designed by him or her to receive service of process."  Nev. R. Civ. P. 4.2(d)(2).

Smith filed three signed proofs of service showing: (1) service was attempted on the DMV by serving Butler by leaving a copy of the summons and complaint with an "executive assistant" at the Nevada DMV in Carson City;[5] (2) service was attempted on the DMV by serving the Attorney General by leaving a copy of the summons and complaint with a "legal researcher" in the office of the Nevada Attorney General in Carson City;[6] and (3) service was attempted on Butler by leaving a copy of the summons and complaint with an "executive assistant" at the Nevada DMV in Carson City.[7]  Defendants concede that service was proper as to the DMV, but argue that it was not proper as to Butler.  (ECF No. 22, at 3–4).

Based on the proofs of service, Smith has not adduced evidence showing that defendant Butler was properly served by serving the Nevada attorney general under Nevada Rule of Civil Procedure Rule 4.2(d)(2).  The court therefore dismisses all claims against Butler for Smith's

---

[5] ECF No. 16.

[6] ECF No. 15.

[7] ECF No. 17.

1 failure to effectuate service. The court finds that dismissal (rather than quashing service and
2 allowing re-service) is the appropriate remedy here, given the other defects in Smith's claims. *See*
3 *supra* sections III.C, E, F.

        C.      Exhaustion of Administrative Remedies

Smith has exhausted his administrative remedies with respect to his Title VII and ADEA claims, but this court lacks sufficient evidence in the record to conclude that he has exhausted his state law claims, which must be dismissed without prejudice. A plaintiff must exhaust his administrative remedies for discrimination claims by timely filing a charge with the EEOC or appropriate state agency before this court has subject matter jurisdiction. *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002) (internal quotations omitted). Discrimination claims brought under Nevada law must be filed and adjudicated through the Nevada Equal Rights Commission ("NERC"). *Palmer v. State*, 787 P.2d 803, 804 (Nev. 1990) ("[T]he legislature intended that claims involving employment discrimination were to be administratively exhausted prior to seeking redress in the district courts." (citing NRS 613.420)).

The defendants argue that Smith failed to exhaust his administrative remedies with respect to his state law discrimination claims because although he submitted a charge to the EEOC, that charge did not raise his state law claims, and he cannot show that the NERC adjudicated his claims. (ECF No. 10, at 6–7). Smith responds that the state law claims were exhausted pursuant to a work-sharing agreement between the EEOC and NERC, and the claims described in the charge submitted to the EEOC are related, or grow out of the same facts, as his state law claims. (ECF No. 18, at 8). Smith cites a 1999 case for the proposition that, under the work-sharing agreement, "charges filed with either the EEOC or the state agency are deemed 'constructively filed' with the other." (*Id.* (citing *Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1175 (9th Cir. 1999)).

But Smith has not produced the agreement between the EEOC and NERC. Smith's notice of his right to sue does not reference any state law claims. (ECF No. 1-1, at 11). Smith's complaint does not allege that the NERC had a work-sharing agreement with the EEOC, that NERC waived its right to adjudicate the claim because of his contemporaneous filing with the EEOC, or that his state law filings were presumptively adjudicated by either the EEOC or NERC. (ECF No. 1-1, at

3–4). The record lacks sufficient evidence to conclude that Smith exhausted his administrative remedies with the NERC. Smith's state law claims are dismissed.

### D. Discretionary Immunity

The defendants argue next that Smith's remaining Title VII and ADEA claims are barred because they are protected by discretionary immunity under NRS 41.032(2). The statute provides that "no action may be brought under NRS 41.031 . . . which is [b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the State or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused." Nev. Rev. Stat. § 41.032(2) (2023). The same reasoning which supports the court's decision to reject the defendants' sovereign immunity argument applies here.

The defendants' argument fails as to Title VII because the Supreme Court has already determined that Congress validly stripped the States of their Eleventh Amendment sovereign immunity pursuant to the Fourteenth Amendment. *Fitzpatrick*, 427 U.S. at 446–450; *Henderson v. Bonaventura*, No. 2:13-CV-01921-RCJ-VC, 2014 WL 1573764, at *4 (D. Nev. Apr. 17, 2014) (rev'd and remanded on other grounds). Defendants therefore have no discretionary immunity under NRS 41.032, which is only a limitation on the state's waiver of sovereign immunity of *state* claims under NRS 41.031 (which the court has thoroughly addressed under Section III.A of this order).

Regarding Smith's ADEA claim, assuming *arguendo* that NRS 41.032 applies to federal claims against the State of Nevada, under *Walden*, the defendants waived any such immunity when they removed this case to federal court. *See supra* Section III.A. The defendants have not provided the court with authority to find to the contrary. The defendants' discretionary immunity argument is therefore without merit.

### E. Title VII

Defendants argue that Smith has not alleged specific facts demonstrating that the DMV's actions were motivated by his race. (ECF No. 10, at 10). Under Title VII, it is unlawful for an employer "to fail or refuse to hire . . . any individual, or otherwise to discriminate against any

individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1).  To make out a prima facie case of discrimination, Smith must allege that (1) he belongs to a protected class, (2) he was qualified for the position for which he submitted an application, (3) he suffered an adverse employment action, and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination.  *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1123 (9th Cir. 2000); *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981).  The claim "cannot succeed unless the employee's protected trait actually played a role and had a determinative influence on the outcome." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993).

Smith sufficiently alleges that he is a member of a protected class as an African American. (ECF No. 1-1, at 5, 7).  Smith also sufficiently alleges that he applied for and was not promoted to the position of "Supervisory Compliance/Enforcement Investigator," which constitutes an adverse employment action.[8]  (*Id.*).  It is with respect to the second and fourth elements that Smith's Title VII claim fails.

To establish the second element, Smith must sufficiently allege that he was qualified for the promotion he applied for; Supervisory Compliance/Enforcement Investigator.  *Chuang* 225 F.3d at 1123.  Smith earned a bachelor's degree in criminal justice administration and a master's in management.  (ECF No. 1-1, at 5).  Additionally, Smith worked as a Compliance Enforcement Investigator II for about three-and-a-half years and as a Senior Compliance Enforcement Investigator for about nine months.  (*Id.* at 4).  However, nowhere in his complaint does Smith allege that his qualifications satisfy those required for the supervisory position or make him a preferred applicant.  (*See generally*, ECF No. 1-1).  While Smith may have been qualified for the Senior Compliance position for which he was promoted over Ferriolo, he does not explain or allege (beyond mere conclusory statements) how those qualifications transferred to a managerial role like that of a supervisor.

---

[8] The Ninth Circuit takes an expansive view of the type of actions that are considered adverse employment actions, including refusals to promote.  *Ray v. Henderson*, 217 F.3d 1234, 1241 (9th Cir. 2000) (citing *Wyatt v. City of Boston*, 35 F.3d 13, 15–16 (1st Cir. 1994)).

Regarding the fourth element (that a similarly situated individual outside of Smith's protected class was treated more favorably), generally, "individuals are similarly situated when they have similar jobs and display similar conduct." *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 641 (9th Cir. 2003). "The employees need not be identical; they must simply be similar in all *material* respects." *Nicholson v. Hyannis Air Serv.*, 580 F.3d 1116, 1125 (9th Cir. 2009) (emphasis added).

Here, Smith concedes that he lacked supervisory experience over Ferriolo. (ECF No. 1-1 at 5). This is a material difference as the position that Smith applied for was a supervisory role. Smith's contention that "any supervisory experience that Smith lacked over Ferriolo was far outweighed by [Smith's] other qualifications and experience" is a conclusory statement not entitled to the assumption of truth. (*Id.*). Accordingly, Smith and Ferriolo are not similarly situated applicants as they do not have similar supervisory-related credentials. *See*, *e.g.*, *Danielson v. Yakima County*, No. 10-CV-3115-TOR, 2013 WL 2639241, at *5 (E.D. Wash. June 12, 2013) ("Because the plaintiffs lack similar management-related credentials, they are not similarly situated applicants"); *Davis v. Wag Labs Inc.*, No. CV-21-01086-PHX-SRB, 2022 WL 17242915, at *11 (D. Ariz. Nov. 1, 2022) (explaining that the plaintiff's inadequate supervisory or management experience justified the defendant's rejection of his application). As Smith has not alleged a prima facie case for race discrimination under Title VII, this claim must be dismissed.

F.   ADEA

Smith also alleges that the defendants discriminated against him based on his age in violation of the ADEA. Under the ADEA, it is "unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against individuals with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age . . . ." 29 U.S.C. § 623(a). In a failure-to-promote case under the ADEA, the plaintiff must allege that he was "(1) at least forty years old, (2) qualified for the position for which an application was submitted, (3) denied the position, and (4) the promotion was given to a substantially younger person." *Shelley v. Geren*, 666 F.3d 599, 608 (9th Cir. 2012).

On a 12(b)(6) motion, allegations of legal conclusions are not entitled to the assumption of truth. Smith alleges in conclusory terms that he is "substantially older" than Ferriolo, but never

1  provides Ferriolo's age.  (*See generally* ECF No. 1-1).  And, as the court has already addressed
2  above, Smith fails to satisfactorily allege that he was qualified for the position that he applied for.
3  Accordingly, Smith's ADEA claim must also be dismissed.

        G.    Leave to Amend

Smith asks that the court give him leave to amend his complaint.  Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," but is not obligated to do so. Fed. R. Civ. P. 15(a)(2).  "In determining whether leave to amend is appropriate, the district court considers the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility" of the amendment.  *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).  In particular, the court need not give leave to amend where "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The court finds that amendment would be futile, and on that basis, denies Smith's request to amend his complaint.  Smith admits in his complaint that he lacked the supervisory experience that Ferriolo had—and that the position no doubt required.  Amendment would not cure this defect in Smith's claims.

**IV.**    **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the State of Nevada, Department of Motor Vehicle Office and Julie Butler's motion to dismiss (ECF No. 10) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

Specifically, the court dismisses ALL of Smith's claims, denies Smith's request to amend, and INSTRUCTS the clerk of the court to close this case.

DATED July 19, 2024.

                                                                                                                      */s/ James C. Mahan*
                                                                                               UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28